UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

13 CV 8037

LEIGHTON TECHNOLOGIES LLC

    Plaintiff,

-against-

ON TRACK INNOVATIONS, LTD.,
OTI AMERICA, INC.,
PURERFID, INC., and
SUPERCOM LTD.

    Defendants.

Civil Action No.:_____

**COMPLAINT AND
DEMAND FOR JURY TRIAL**

ECF Case

RECEIVED NOV 12 2013 U.S.D.C. S.D.N.Y. CASHIERS

    Plaintiff Leighton Technologies LLC ("Leighton Technologies"), as and for its Complaint against defendants ON TRACK INNOVATIONS, LTD ("OTI-Israel"), OTI AMERICA, INC. ("OTI-America"), PURERFID, INC. ("PureRFid"), and SUPERCOM LTD ("SuperCom") (collectively "Defendants"), hereby alleges as follows:

### NATURE OF THE ACTION

    1.    This is an action under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*, for infringement by Defendants of one or more claims of U.S. Patent No. 5,817,207, U.S. Patent No. 6,036,099, U.S. Patent No. 6,214,155, U.S. Patent No. 6,514,367, U.S. Patent No. 6,557,766, and U.S. Patent No. RE40,145 (collectively "the Patents-In-Suit").

### PARTIES

    2.    Plaintiff Leighton Technologies is a limited liability company organized and existing under the laws of the State of New York, having its principal place of business at 75 Montebello Road, Suffern, NY 10901.

    3.    Upon information and belief, defendant OTI-Israel is company organized and existing under the laws of Israel, having its principal place of business at ZHR Industrial Zone,

Rosh-Pina 12000, Israel.

4. Upon information and belief, defendant OTI-America is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 111 Wood Avenue South, Suite 105, Iselin, NJ 08830.

5. OTI-Israel and OTI-America are collectively referred to as "OTI" herein.

6. Upon information and belief, defendant PureRFid is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 9817 S 13th St, Oak Creek, WI 53154.

7. Upon information and belief, defendant SuperCom is a company organized and existing under the laws of Israel, having its principal place of business at 1 Arie Shenkar Street, Herzliya Pituach 4672514, Israel.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9. This Court has personal jurisdiction over Defendants pursuant to N.Y. C.P.L.R. §§ 301 and 302(a)(1)-(3). Upon information and belief, this Court has general jurisdiction over the Defendants based on their continuous and systematic conduct within New York, including, *inter alia,* Defendants' continuous contacts with, and sales to, customers in New York, presence at trade shows in New York, listing and trading on the NASDAQ exchange in New York, continuously issuing press releases from New York, and/or continuous contacts with a contactless payment certification consortium in New York. Upon information and belief, this Court also has specific jurisdiction over Defendants based on, *inter alia,* the Defendants' acts of patent infringement alleged in this Complaint within the state of New York and elsewhere,

2

causing injury within the state. In addition, OTI-Israel has availed itself to this Court by commencing a patent infringement action in the District Court for the Southern District of New York, which action, on information and belief, is still ongoing (*On Track Innovations, Ltd. v. T-Mobile USA, Inc.*, 1:12-cv-02224-AJN (S.D.N.Y. Mar. 26, 2012)). In addition, or in the alternative, this Court has jurisdiction over OTI-Israel and SuperCom pursuant to Fed. R. Civ. P. 4(k)(2).

10. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b) because, *inter alia*, the Plaintiff's principal place of business is located in this judicial district, the Patents-In-Suit are assigned to the Plaintiff, upon information and belief defendants OTI-Israel and SuperCom, the parents of the other defendants in this action, are foreign entities, and OTI-Israel has voluntarily commenced patent litigation in this district.

## SINGLE ACTION

11. Upon information and belief, and based on documents filed by OTI-Israel with the United States Securities and Exchange Commission, defendant OTI-America is a wholly owned subsidiary of OTI-Israel used to provide marketing, sales, and customer support services for OTI-Israel's products in North America.

12. Upon information and belief, and based on documents filed by SuperCom with the United States Securities and Exchange Commission, defendant PureRFid is a wholly owned subsidiary of SuperCom used to provide marketing, sales, and customer support services for SuperCom's products in the United States.

13. Upon information and belief, in August 2013, OTI-Israel sold its SmartID division to SuperCom, including certain product lines accused of patent infringement herein.

14. This suit is commenced against OTI-America, OTI-Israel, PureRFid, and

SuperCom pursuant to 35 U.S.C. § 299 in a single action because, *inter alia*, upon information and belief, OTI-America and OTI-Israel are part of the same corporate structure, share a common ownership, share advertising platforms, share facilities, and share accused product lines. Similarly, PureRFid and SuperCom are part of the same corporate structure, share a common ownership, share advertising platforms, share facilities, and share accused product lines. Further, the OTI and SuperCom corporate families share accused product lines by virtue of OTI-Israel's sale of its SmartID division to SuperCom.

15. Accordingly, the claims of this complaint arise out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process, and questions of fact common to all Defendants will arise in the action pursuant to 35 U.S.C. § 299.

## PATENTS-IN-SUIT

16. On October 6, 1998, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 5,817,207 ("the '207 patent"), entitled "Radio Frequency Identification Card And Hot Lamination Process For The Manufacture Of Radio Frequency Identification Cards," based upon an application filed by the inventor, Keith R. Leighton. A true and correct copy of the '207 patent is attached hereto as Exhibit A.

17. On March 14, 2000, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 6,036,099 ("the '099 patent"), entitled "Hot Lamination Process For The Manufacture Of A Combination Contact/Contactless Smart Card And Product Resulting Therefrom," based upon an application filed by the inventor, Keith R. Leighton. A true and correct copy of the '099 patent is attached hereto as Exhibit B.

18. On April 10, 2001, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 6,214,155 ("the '155 patent"), entitled "Radio Frequency Identification Card And Hot Lamination Process For The Manufacture Of Radio Frequency Identification Cards," based upon an application filed by the inventor, Keith R. Leighton. A true and correct copy of the '155 patent is attached hereto as Exhibit C.

19. On February 4, 2003, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 6,514,367 ("the '367 patent"), entitled "Hot Lamination Process For The Manufacture Of A Combination Contact/Contactless Smart Cart," on February 4, 2003, based upon an application filed by the inventor, Keith R. Leighton. A true and correct copy of the '367 patent is attached hereto as Exhibit D.

20. On May 6, 2003, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 6,557,766 ("the '766 patent"), entitled "Hot Lamination Method For A Hybrid Radio Frequency Optical Memory Card Converting Sheets Into A Web Process," based upon an application filed by the inventor, Keith R. Leighton. A true and correct copy of the '766 patent is attached hereto as Exhibit E.

21. On March 11, 2008, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. RE40,145 ("the '145 patent"), entitled "Ultra-Thin Flexible Durable Radio Frequency Identification Devices And Hot Or Cold Lamination Process For The Manufacture Of Ultra-Thin Flexible Durable Radio Frequency Identification Devices," as a reissue of U.S. Patent No. 6,441,736, based upon an application filed by the inventor, Keith R. Leighton. A true and correct copy of the '145 patent is attached hereto as Exhibit F.

22. The Patents-In-Suit generally relate to Radio Frequency Identification ("RFID") technology and smart cards, and processes for manufacturing thereof.

23. Leighton Technologies is the owner of the Patents-In-Suit and has the right to sue and recover damages for infringement thereof.

## NOTICE

24. By correspondence, including letters dated December 10, 2012, January 25, 2013, and earlier communications, non-party General Patent Corporation ("GPC"), in its role as the managing member of Leighton Technologies, notified OTI of the existence of the Patents-In-Suit and Defendants' infringement thereof.

25. GPC's December 10, 2012 and January 25, 2013 letters were addressed to Mr. Oded Bashan, Chief Executive Officer of OTI-Israel, who, upon information and belief, also concurrently served as Chief Executive Officer of OTI-America.

26. Accordingly, upon information belief, OTI-Israel and OTI-America have received notice of the Patents-In-Suit, and of OTI's infringement thereof.

27. By correspondence, including letters dated August 8, 2003, March 24, 2004, and July 13, 2004, GPC notified SuperCom, the parent company of PureRFid, of the existence of the Patents-In-Suit and SuperCom's infringement thereof.

28. Upon information and belief, SuperCom received further notice of the Patents-In-Suit, and infringement of the Patents-In-Suit by SuperCom and PureRFid, in conducting due diligence for its acquisition of the SmartID division from OTI.

29. Accordingly, upon information and belief, all of the Defendants have received notice of the Patents-In-Suit, and of the Defendants' infringement thereof.

## FACTUAL ALLEGATIONS

30. As referred to in this Complaint, and consistent with 35 U.S.C. § 100 (c), the "United States" means "the United States of America, its territories and possessions."

31. Upon information and belief, including based on the products identified on Defendants' websites, OTI-Israel and OTI-America manufacture and sell RFID and smart card products made in accordance with the Patents-In-Suit, including, but not limited to OTI smart cards, including smart cards compliant with the MasterCard PayPass M/Chip (EMV), MasterCard PayPass™ Mag Stripe (MSD), Visa PayWave qVSDC (EMV), Visa PayWave MSD, MIFARE, and Calypso profiles; OTI smart stickers with contactless capabilities; OTI COPNI contactless payment and NFC devices; and OTI's SmartID products, including electronic ID smart cards and electronic drivers' licenses.

32. Upon information and belief, defendants OTI-Israel and OTI-America make, use, offer to sell, and/or sell their RFID and smart card products in the United States, and/or import their RFID and smart card products into the United States.

33. Upon information and belief, defendants OTI-Israel and OTI-America actively and knowingly induce, direct, cause, and encourage others to make, use, sell, and/or offer to sell in the United States, and/or import into the United States, RFID and smart card products made in accordance with the Patents-In-Suit by, *inter alia*, providing RFID and smart card components and finished products, technical supervision and guidance, and manufacturing facilities to OTI-Israel and OTI-America's resellers, integrators, Original Equipment Manufacturers ("OEMs"), and/or customers.

34. Upon information and belief, defendants OTI-Israel and OTI-America actively and knowingly make, use, offer to sell, and/or sell within the United States, and/or import into the United States, to resellers, integrators, OEMs, and/or customers, components of RFID and smart card products made in accordance with the claims of the Patents-In-Suit, and/or materials and/or apparatus for use in manufacturing RFID and smart card products in accordance with

one or more claims of the Patents-In-Suit, constituting a material part of the claims of the Patents-In-Suit, knowing the components, materials, and/or apparatus to be especially made and/or especially adapted for use in an infringement of the claims of the Patents-In-Suit, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

35. Upon information and belief, including based on the products identified on Defendants' websites, SuperCom and PureRFid manufacture and sell RFID and smart card products made in accordance with the Patents-In-Suit, including, but not limited to products from SuperCom's SmartID division purchased from OTI-Israel, including electronic ID smart cards and electronic drivers' licenses.

36. Upon information and belief, SuperCom and PureRFid make, use, offer to sell, and/or sell their RFID and smart card products in the United States, and/or import their RFID and smart card products into the United States.

37. Upon information and belief, defendants SuperCom and PureRFid actively and knowingly direct, cause, and encourage others to make, use, sell, and/or offer to sell in the United States, and/or import into the United States, RFID and smart card products made in accordance with the Patents-In-Suit by, *inter alia*, providing RFID and smart card components and finished products, technical supervision and guidance, and manufacturing facilities to SuperCom and PureRFid's resellers, integrators, OEMs, and/or customers.

## COUNT I: INFRINGEMENT OF THE PATENTS-IN-SUIT BY OTI

38. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

39. Upon information and belief, defendants OTI-Israel and OTI-America have infringed one or more claims of the Patents-In-Suit pursuant to 35 U.S.C. § 271 (a) and/or (g) by making, using, offering to sell, and/or selling in the United States, and/or importing into the

United States RFID and smart card products made in accordance with the claims of the Patents-In-Suit. Upon information and belief, OTI-Israel and OTI-America's infringement pursuant to 35 U.S.C. § 271 (a) and/or (g) is ongoing.

40. Upon information and belief, defendants OTI-Israel and OTI-America have induced infringement of one or more claims of the Patents-In-Suit pursuant to 35 U.S.C. § 271(b), by actively and knowingly inducing, directing, causing, and encouraging resellers, integrators, OEMs, and/or customers to make, use, offer to sell, and/or sell in the United States, and/or import into the United States RFID and smart card products made in accordance with the claims of the Patents-In-Suit. Upon information and belief, OTI-Israel and OTI-America's inducement of infringement pursuant to 35 U.S.C. § 271 (b) is ongoing.

41. Upon information and belief, OTI-Israel and OTI-America have contributed to infringement of one or more claims of the Patents-In-Suit pursuant to 35 U.S.C. § 271 (c), by actively and knowingly offering to sell, and/or selling within the United States, and/or importing into the United States, to resellers, integrators, OEMs, and/or customers, components of RFID and smart card products made in accordance with the claims of the Patents-In-Suit, and/or materials and/or apparatus for use in practicing one or more claims of the Patents-In-Suit, constituting a material part of the claims of the Patents-In-Suit, knowing the components, materials, and/or apparatus to be especially made and/or especially adapted for use in an infringement of the claims of the Patents-In-Suit, and not a staple article or commodity of commerce suitable for substantial noninfringing use. Upon information and belief, OTI-Israel and OTI-America's contributory infringement pursuant to 35 U.S.C. § 271 (c) is ongoing.

42. Upon information and belief, OTI-Israel and OTI-America have committed the foregoing infringing activities without license from Leighton Technologies and with notice of

the Patents-In-Suit.

43.    Upon information and belief, OTI-Israel and OTI-America knew the Patents-In-Suit existed while committing the foregoing infringing acts, thereby willfully, wantonly, and deliberately infringing the Patents-In-Suit. Leighton Technologies' damages should be trebled pursuant to 35 U.S.C. § 284 because of OTI-Israel and OTI-America's willful infringement of the Patents-In-Suit.

44.    Upon information and belief, the acts of infringement by OTI-Israel and OTI-America have been with the knowledge of the Patents-In-Suit, and are willful, wanton, and deliberate, thus rendering this action "exceptional" within the meaning of 35 U.S.C. § 285 and entitling Leighton Technologies to its reasonable attorney's fees and litigation expenses.

**COUNT II: INFRINGEMENT OF THE PATENTS-IN-SUIT BY SUPERCOM**

45.    Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

46.    Upon information and belief, defendants SuperCom and PureRFid have infringed one or more claims of the Patents-In-Suit pursuant to 35 U.S.C. § 271 (a) and/or (g) by making, using, offering to sell, and/or selling in the United States, and/or importing into the United States RFID and smart card products made in accordance with the claims of the Patents-In-Suit. Upon information and belief, SuperCom and PureRFid's infringement pursuant to 35 U.S.C. § 271 (a) and/or (g) is ongoing.

47.    Upon information and belief, defendants SuperCom and PureRFid have induced infringement of one or more claims of the Patents-In-Suit pursuant to 35 U.S.C. § 271(b), by actively and knowingly inducing, directing, causing, and encouraging resellers, integrators, OEMs, and/or customers to make, use, offer to sell, and/or sell in the United States, and/or import into the United States RFID and smart card products made in accordance with the

claims of the Patents-In-Suit. Upon information and belief, SuperCom and PureRFid's inducement of infringement pursuant to 35 U.S.C. § 271 (b) is ongoing.

48. Upon information and belief, SuperCom and PureRFid have committed the foregoing infringing activities without license from Leighton Technologies and with notice of the Patents-In-Suit.

49. Upon information and belief, SuperCom and PureRFid knew the Patents-In-Suit existed while committing the foregoing infringing acts, thereby willfully, wantonly, and deliberately infringing the Patents-In-Suit. Leighton Technologies' damages should be trebled pursuant to 35 U.S.C. § 284 because of SuperCom and PureRFid's willful infringement of the Patents-In-Suit.

50. Upon information and belief, the acts of infringement by SuperCom and PureRFid have been with the knowledge of the Patents-In-Suit, and are willful, wanton, and deliberate, thus rendering this action "exceptional" within the meaning of 35 U.S.C. § 285 and entitling Leighton Technologies to its reasonable attorney's fees and litigation expenses.

## PRAYER FOR RELIEF

WHEREFORE, Leighton Technologies prays for the judgment in its favor against the Defendants granting Plaintiff the following relief:

A. Entry of judgment in favor of Leighton Technologies against the Defendants on all counts;

B. Entry of judgment that the Defendants have infringed the Patents-In-Suit;

C. Entry of judgment that Defendants' infringement of the Patents-In-Suit has been willful;

D.  Award of damages adequate to compensate Leighton Technologies for Defendants' infringement of the Patents-In-Suit, in no event less than a reasonable royalty trebled as provided by 35 U.S.C. § 284;

E.  Leighton Technologies' reasonable fees for expert witnesses and attorneys, as provided by 35 U.S.C. § 285;

F.  Leighton Technologies' costs;

G.  Pre-judgment and post-judgment interest on Leighton Technologies' award; and

H.  All such other and further relief as the Court deems just or equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Fed. R. Civ. Proc., Plaintiff hereby demands trial by jury in this action of all claims so triable.

Dated:   November 12, 2013

Respectfully submitted,

KHEYFITS & MALONEY LLP

By: _____
Dmitriy Kheyfits
dkheyfits@kheyfitsmaloney.com
Michael James Maloney
mmaloney@kheyfitsmaloney.com
1140 Avenue of the Americas
9th Floor
New York, New York 10036
Tel. (212) 203-5399
Fax. (212) 203-6445

*Attorneys for Plaintiff Leighton Technologies LLC.*